**CT Corporation**

**Service of Process Transmittal**
08/05/2016
CT Log Number 529625059

**TO:** Ashley Philippi
Peter Kiewit Sons', Inc.
1000 Kiewit Plaza
Omaha, NE 68131

**RE:** Process Served in Nebraska

**FOR:** Kiewit Building Group Inc. (Domestic State: DE)

**EXHIBIT A**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael A Drazic, Pltf. vs. Kiewit Building Group, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint |
| **COURT/AGENCY:** | Douglas County District Court, NE<br>Case # CI164506 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lincoln, NE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/05/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Jennifer Turco Meyer<br>Of Dyer Law, P.C., LLO<br>10730 Pacific Street<br>#111<br>Omaha, NE 68114<br>402-393-7529 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/05/2016, Expected Purge Date: 08/10/2016<br><br>Image SOP<br><br>Email Notification, Ashley Philippi ashley.Philippi@kiewit.com<br><br>Email Notification, Dina Abel dina.abel@kiewit.com<br><br>Email Notification, Donna Lucey DONNA.LUCEY@KIEWIT.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5601 South 59th Street<br>Suite C<br>Lincoln, NE 68516 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of 1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# DYER LAW PC, LLO

*Calls Returned. Questions Answered.*
*We're Your Team.*

10730 Pacific St., Ste. 111 • Omaha,



7005 1160 0003 7071 4882

C T Corporation System
Registered Agent for
Kiewit Building Group, Inc.
5601 South 59th Street
Lincoln, NE 68516

$6.890
US POSTAGE
FIRST-CLASS
062S0008867519
68114

| Image ID: | **SUMMONS** | Doc. No. 400260 |
|---|---|---|
| D00400260D01 | | |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Michael A Drazic v. Kiewit Building Group, Inc.

Case ID: CI 16    4506

TO:  Kiewit Building Group, Inc.

You have been sued by the following plaintiff(s):

   Michael A Drazic

Plaintiff's Attorney:    Jennifer L Meyer
Address:                 10730 Pacific Street, Ste 111
                         Omaha, NE 68114

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  AUGUST 3, 2016       BY THE COURT:  *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Kiewit Building Group, Inc.
   CT Corp System RA
   5601 South 59th Street
   Lincoln, NE 68516

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. DRAZIC, | ) | Case No. CI16-4506 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| KIEWIT BUILDING GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his cause of action against the Defendant hereby states the following:

### PARTIES-VENUE-JURISDICTION

1. Plaintiff Michael A. Drazic is a resident of Omaha, Douglas County, Nebraska.

2. Defendant Kiewit Building Group, Inc. is a foreign corporation that is authorized to conduct business in Nebraska, and at all times relevant was doing business in Omaha, Douglas County, Nebraska.

3. This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction over the federal law claims.

4. Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of his employment in Douglas County, Nebraska.

5. On or about February 29, 2016, less than 90 days prior to the filing of this Complaint, Nebraska Equal Opportunity Commission made a determination with respect to Plaintiff's charge, NEB 2-15/16-9-45798-RS.

6. On or May 23, 2016, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on charge number 32E-2015-00774.

## FACTUAL BACKGROUND

7.  Plaintiff began his most recent employment term as a carpenter with Defendant in October 2012.

8.  Plaintiff has disabilities and a record of disability, which Defendant was aware of. Specifically, in 2014, Plaintiff discussed his disabilities with several of Defendant's employees, including his foremen, superintendents and human resources staff. Plaintiff also suffered from a serious health condition that Defendant was aware of for the same reasons.

9.  Plaintiff requested accommodations from Defendant related to his disabilities and Defendant did not respond to Plaintiff's request.

10. After learning of Plaintiff's disabilities, Defendant allowed Plaintiff's coworkers and supervisors to harass and ridicule Plaintiff about his disabilities. Plaintiff complained to Defendant about the harassment and no corrective action was taken.

11. After learning of Plaintiff's disabilities, Defendant did not promote Plaintiff to a position of foreman as previously promised.

12. In or about February and March 2015, Plaintiff's father became ill and was hospitalized. During this time Plaintiff's mother-in-law had a heart attack and was also hospitalized. Thereafter, Plaintiff notified his supervisors, including Derek Knaup, that he needed to be absent from work to care for his father and that his mother-in-law was ill. Defendant did not initiate the family medical leave process upon receiving notice of Plaintiff's need for leave.

13. When Plaintiff returned from taking time off to care for his father, he was harassed and ridiculed by his coworkers for taking time off. The day he returned to work, Kyle Dabbney informed him that Knaup had told everyone in a meeting that if anyone missed

anymore days regardless of the reason that they would be terminated. Plaintiff was also wrongfully accused and disciplined for taking time off to work on "side jobs" by his supervisor, Knaup. Plaintiff was also harassed by his superintendent and coworkers on the job for missing work.

14. Due to the harassment and adverse action by Knaup, Plaintiff's serious health condition had become exacerbated and Plaintiff notified his foreman that he needed to be absent from work related to his serious health condition. Plaintiff's foreman told him to take the time off, but Defendant did not initiate the family medical leave process upon receiving notice of Plaintiff's need for leave.

15. When Plaintiff returned from taking time off due to his serious health condition, he was again harassed and ridiculed by his coworkers for taking time off. He was again wrongfully accused and disciplined for taking time off to work on "side jobs" by Knaup. Plaintiff was also wrongfully accused and disciplined for taking time off by Head Superintendent, Pat Ramaekers.

16. The next day Plaintiff experienced another exacerbation of his serious health condition related to Defendant's harassment and retaliation. Plaintiff also made a complaint to Defendant's Head of Personnel, Robb Steffes, about the adverse action that was taken against him. Plaintiff also made complaints to Steffes about several safety violations that he had witnessed during his employment. Plaintiff requested to be laid off from work to avoid further harassment and retaliation. Defendant refused Plaintiff's request.

17. On April 2, 2015, Plaintiff met with Steffes and Defendant's EEO Officer, Jane Sewell. Plaintiff explained his concerns about the harassment and retaliation that he had been experiencing related to his disability and need for time off. Steffes told Plaintiff that he would

talk to Knaup and that he would put an end to the harassment and retaliation. Plaintiff expressed concern that no matter what project he was assigned to, he would continue to experience harassment from coworkers and retaliation from the superintendents.

18.  On April 5, 2015, Steffes followed up with Plaintiff to let him know that he spoke with Knaup and that Knaup was going to have a meeting with the team on Monday to clear up any rumors about Plaintiff.

19.  Over the next few days Plaintiff was informed by his coworkers that Knaup did not hold a team meeting to clear up any rumors about Plaintiff as promised. Plaintiff also received a call from a superintendent on another job because he had heard that Plaintiff was fired.

20.  On April 10, 2015, Plaintiff was constructively discharged from his employment due to Defendant's continued harassment and retaliation related to his disability and need to take family medical leave.

21.  Plaintiff's performance was satisfactory throughout his employment despite his disability, record of disability and need for family medical leave.

22.  At the time of his termination, Plaintiff was earning approximately $23.00 per hour and working approximately 45 hours per week. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $51,520.00 and are continuing. As part of his compensation, Plaintiff also received health, dental, and vision insurance, a retirement pension benefit, life insurance, accidental death insurance, short-term disability insurance and long-term disability insurance in amount that is currently unknown to Plaintiff and will be subject to further discovery.

23. As a result of Defendant's wrongful conduct, Plaintiff suffered compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNTS I AND II

## DISABILITY DISCRIMINATION

### 42 U.S.C. §§12101 et seq. ("ADA") and Neb. Rev. Stat. §48-1104 ("NEFEPA")

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein and states:

25. Defendant is and was at all times material an "employer" within the meaning of under 42 U.S.C §12111 and Neb. Rev. Stat. §48-1102.

26. Plaintiff is and was disabled within the meaning of the ADA and NEFEPA.

27. At all times relevant, Plaintiff suffered from an impairment that substantially limited one or more of his major life activities including, but not limited to sleeping, concentrating, thinking and functions of his neurological and respiratory systems.

28. At all times relevant, Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

29. Defendant discriminated against Plaintiff because of his disability and altered a term, condition and/or privilege of his employment, including but not limited to, failing to promote Plaintiff, harassing Plaintiff about his disability and constructive discharge of his employment.

30. Defendant failed to accommodate Plaintiff's disability in violation of the ADA and NEFEPA.

31. Defendant failed to engage in good faith in an interactive process with Plaintiff to assist him in accommodating his disability in violation of the ADA and NEFEPA.

32. Plaintiff's disability was a motivating factor in such discrimination, failure to accommodate and failure to engage in the interactive process.

33. Defendant willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff, discriminated against Plaintiff in violation of the ADA, and by doing so is subject to punitive damages.

34. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNTS III AND IV

### RETALIATION

### 42 U.S.C. §12203 and Neb. Rev. Stat. §48-1114

35. Plaintiff hereby incorporates paragraphs 1 through 34 as if fully set forth herein and states:

36. During his employment, Plaintiff engaged in protected activity, including but not limited to, exercising his rights under the ADA and NEFEPA, complaining of discrimination and requesting a reasonable accommodation related to his disability.

37. Defendant took adverse employment action against Plaintiff, including but not limited to, failing to promote Plaintiff, harassing Plaintiff about his disability and constructive discharge of his employment.

38. There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against him.

39. Defendant acted willfully, maliciously, and intentionally, with reckless indifference to the rights of Plaintiff and by doing so is subject to punitive damages.

40. As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT V

### VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

### 29 U.S.C. 2601 et seq.

41. Plaintiff hereby incorporates paragraphs 1 through 40 as if fully set forth herein and states:

42. Defendant is and was at all times material an "employer" within the meaning of the Family Medical Leave Act.

43. Plaintiff is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act.

44. During his employment, Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

45. During his employment, Plaintiff's father suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

46. Plaintiff was entitled to a leave of absence pursuant to his rights under the Family Medical Leave Act.

47. Plaintiff gave notice for his leave to be absent from work and need for family medical leave to Defendant.

48. Defendant interfered with, restrained and/or denied the exercise of the attempt to exercise Plaintiff's rights in violation of Family Medical Leave Act in the following ways:

   a. Failure to initialize family medical leave process upon notice of Plaintiff's serious health condition;

   b. Failure to provide Plaintiff with the requisite notices and designation following his notice for family medical leave;

   c. Failure to request medical certification in writing and not giving Plaintiff at least 15 days to obtain medical certification; and,

   d. Other ways to be proven at trial of this matter.

49. Defendant retaliated against Plaintiff by taking adverse employment action against Plaintiff for giving notice of the need for family medical leave.

50. Plaintiff's constructive discharge was caused by Defendant's interference and/or retaliation for exercising his rights under the Family Medical Leave Act.

51. As a result of Defendant's acts and omissions, Plaintiff has in the past, and will in the future, suffer damages including, but not limited to, lost wages, benefits, future earnings, liquidated damages and other emoluments of employment.

## COUNT VI

(Wrongful Termination in Violation of Nebraska Public Policy)

52. Plaintiff hereby incorporates by reference paragraphs 1 through 51 as set out above, and states:

53. During his employment, Plaintiff participated in the protected activity of opposing unsafe working conditions that were in violation of Federal and Nebraska state laws.

54. A causal link existed between Plaintiff's constructive discharge and his participation in protected activity.

55. As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## DAMAGES

56. Plaintiff hereby incorporates by reference paragraphs 1 through 55 and states:

57. As a result of Defendant's discrimination, retaliation and FMLA violations, Plaintiff has suffered damages and seeks the following relief:

    a. Back pay and lost benefits to the time of trial;

    b. Front pay including retirement and other benefits;

    c. Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

    d. Punitive damages for Defendant's actual malice or reckless indifference to Plaintiff's federally protected rights;

    e. Liquidated damages for FMLA violation as prescribed by 29 U.S.C §2617;

    f. Attorney's fees, expert witness fees and other reasonable costs; and,

    g. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for all his general, special, liquidated and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Dated: August 2, 2016.

MICHAEL A. DRAZIC, Plaintiff

BY: /s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
10730 Pacific Street, #111
Omaha, Nebraska 68114
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Defendant